# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RHONDA LOUISE WEISSMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL**, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 16-cv-1567-SI <br><br> **OPINION AND ORDER** |

Merrill Schneider, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice Herbert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). Because the Commissioner's decision was

based on the proper legal standards and the findings were supported by substantial evidence, the decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

On October 17, 2012, Plaintiff protectively filed a Title II application for a period of disability and DIB and a Title XVI application for SSI, alleging disability beginning on March 5, 2011. Plaintiff's claims were denied and she requested a hearing, which was held on December 9, 2014. On January 8, 2015, Administrative Law Judge ("ALJ") Steve Lynch issued a decision finding Plaintiff was not disabled under the meaning of the Social Security Act from March 5, 2011, through the date of the decision. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review. This appeal followed.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 5, 2011. At step two, the ALJ found that Plaintiff had severe impairments of a left rotator cuff injury, osteoarthritis in her knees, migraine headaches, fibromyalgia, and obesity.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. The ALJ found that Plaintiff had the RFC to perform light exertion work, except that she could stand and walk four hours out of eight and sit without limitation. Plaintiff was limited to frequent reaching bilaterally in all directions, except that she was limited to only occasional reaching above her head with her left arm. Plaintiff was also limited to frequent fingering and handling bilaterally.

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as an accounts receivable clerk, a customer service clerk, and a telemarketer, and could perform some of those jobs with additional limitations. The ALJ, therefore, concluded that Plaintiff had

not been under a disability within the meaning of the Act. The ALJ did not reach step five of the analysis.

## DISCUSSION

Plaintiff alleges that the ALJ erred by: (A) improperly rejecting the opinion of Dr. Neal Berner, M.D.; (B) improperly rejecting the opinion of Dr. Suzanne DeLea, M.D.; and (C) failing to account for the side effects of Plaintiff's medication. Each is addressed in turn.

### A. Dr. Berner's Opinion

At step three, the ALJ found, *inter alia*, that Plaintiff was limited to frequent fingering and handling bilaterally. Plaintiff argues that, in so finding, the ALJ improperly rejected the limitation imposed by Dr. Berner, the state agency medical consultant on reconsideration, who opined that Plaintiff is limited to occasional fingering and handling bilaterally due to suspected early inflammatory arthritis with finger stiffness, arthralgias, and mild swelling.

In determining Plaintiff's RFC, the ALJ deemed Plaintiff's testimony and statements concerning the severity of her impairments to be only partially credible "based on the overall medical record, including mild imaging reports, generally normal examinations, conservative routine medical treatment, generally positive responses to treatment, and the claimant's failure to follow prescribed treatment without adequate explanation for such failure." AR 94. The ALJ concluded that, although the record shows that Plaintiff has multiple medically determinable impairments, the objective evidence does not establish that Plaintiff's impairments preclude her from engaging in all basic work activity as Plaintiff alleged. The ALJ also concluded that "[Plaintiff's] allegations concerning the frequency, severity, persistence, and resistance to treatment of her pain are not tenable." *Id.* According to the ALJ, "[t]he evidence of record shows that the claimant's complaints . . . have been consistently exaggerated and not substantiated by the detailed examinations" of several treating and examining physicians. *Id*. at 96.

PAGE 6 – OPINION AND ORDER

Regarding Dr. Berner's finding that Plaintiff would be capable of only occasional handling and fingering, the ALJ concluded that the limitation gave too much weight to Plaintiff's subjective allegations and is not consistent with the results of x-rays of Plaintiff's hands obtained in November 2013. The ALJ explained, "[t]here is no conclusive evidence that the claimant has inflammatory arthritis affecting her hands, as [Dr. Berner] apparently surmised. The evidence of the record shows that the swelling of the claimant's hands is not chronic but intermittent, is mild, and contrary to the claimant's testimony, responds to treatment with diuretic medication." AR 100. The ALJ consequently accorded only moderate weight to specific details of Dr. Berner's opinion. Plaintiff argues that the ALJ failed to identify any specific records to support his rejection of Dr. Berner's limitation and improperly substituted his own medical judgment for that of medical professionals.

Findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments "must be treated as expert opinion evidence of nonexamining sources [by] the administrative law judge[.]" Social Security Ruling 96-6p, *available at* 1996 WL 374180, at *1. ALJs are "not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id*. at *2. Therefore, the opinions of agency medical consultants "can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, . . . the consistency of the opinion with the record as a whole, including other medical opinions, . . . and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist." *Id*.

Plaintiff does not challenge the ALJ's conclusion that Plaintiff's testimony regarding the severity of her impairments was only partially credible. The ALJ may rely on an adverse credibility determination when weighing medical evidence. "Credibility determinations do bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and [her] diagnosed conditions." *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Here, the ALJ sufficiently explained the basis for his decision to accord only moderate weight to Dr. Berner's limitation to occasional handling and fingering. The ALJ's RFC analysis is based on a summary of Plaintiff's medical history beginning March 15, 2011, which includes discussion of the diagnoses and prognoses of examining, treating, and reviewing physicians. The ALJ specifically cites a January 2013 examination of Plaintiff by an examining physician, Dr. Paul T. Yoder, M.D., which showed that Plaintiff was able to pick up small coins with both hands, screw a nut onto a bolt, and write her name without difficulty. Generally, an examining physician's opinion carries more weight than a reviewing physician's. *Holohan v. Massinari*, 246 F.3d 1195, 1202 (9th Cir. 2001). The ALJ also cited x-rays performed by Dr. DeLea in November 2013 that showed possible early erosive changes involving the long finger DIP joint on Plaintiff's left hand, but were otherwise normal. The Court, therefore, concludes that the ALJ provided a sufficient rationale for discounting Dr. Berner's opinion regarding Plaintiff's fingering and handling ability.

**B. Dr. DeLea's Opinion**

Plaintiff argues that the ALJ improperly rejected the opinion of treating physician Dr. DeLea, who began treating Plaintiff in November 2013. Dr. DeLea determined that Plaintiff could never handle or finger. The ALJ gave little weight to Dr. DeLea's opinion, however, concluding that it was based on Plaintiff's subjective assertions—which the ALJ had already determined were only partially credible (a finding that Plaintiff does not challenge)—and was

"not consistent with the longitudinal evidence of record [or] with the results of Dr. DeLea's own examinations and treatment" of Plaintiff. AR 99. The ALJ concluded, specifically, that nothing shown in the x-rays of Plaintiff's hands or in Dr. DeLea's examinations of Plaintiff warranted Dr. Berner's conclusion that Plaintiff is incapable of any handling or fingering. Plaintiff argues that the ALJ failed to offer substantial evidence to support his rejection of that limitation and improperly substituted his own opinion for that of medical providers. Defendant counters that the ALJ reasonably gave Dr. DeLea's opinion little weight.

"The ALJ is responsible for resolving conflicts in the medical record. Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships." *Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citations omitted). "As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons." *Id*. (citations and quotation marks omitted). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. (quotation marks omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Here, there was conflicting medical testimony regarding Plaintiff's fingering and handling ability. Thus the ALJ was required to provide specific and legitimate reasons that are supported by substantial evidence in the record to reject Dr. DeLea's opinion regarding the limitation of Plaintiff's fingering and handling. The ALJ explained that Dr. DeLea's opinion was discounted to the extent that it relied on Plaintiff's only-partially credible self-reports. The ALJ discussed at length the reasons for deeming Plaintiff less than fully credible, and Plaintiff does

PAGE 9 – OPINION AND ORDER

not challenge the ALJ's assessment of Plaintiff's credibility. The ALJ also noted additional evidence, summarized above, that was inconsistent with aspects of Dr. DeLea's opinion. For example, x-ray evidence that indicated possibly early erosive changes involving the long finger DIP joint in Plaintiff's left hand but were otherwise normal. Dr. DeLea also later found "no evidence of swelling" or tenderness to palpation of the finger joints, and no loss of range of motion. AR 589. These are specific and legitimate reasons, supported by substantial evidence. Thus, the ALJ did not err in considering Dr. DeLea's opinion.

**C. Medication Side Effects**

Plaintiff argues that the ALJ failed to account for the side effects of Plaintiff's medication in determining Plaintiff's limitations. Plaintiff notes that she testified at an earlier hearing relating to one of her previous applications for social security benefits that her medication makes her dizzy and unable to focus, and that she reiterated in her hearing in this case her lack of focus, and in her function reports she completed she noted medication side effects causing problems with focus and drowsiness. Plaintiff also notes that Dr. DeLea noted that Plaintiff suffered dizziness and lightheadedness from her muscle relaxers. Plaintiff argues that the ALJ did not address this evidence and that the ALJ's failure to do so is harmful error.

The ALJ specifically found Plaintiff's subjective testimony not to be fully credible, and Plaintiff does not challenge that finding. The evidence in the record relating to the alleged medication side effects are all based on Plaintiff's subjective complaints, including Dr. DeLea's notation. The ALJ discussed how Plaintiff "testified that she is allergic to a lot of medications, but the only medication to which she has attributed an adverse reaction is Imitrex." AR 96. The ALJ also noted that Plaintiff stated in September 2011 that "her current medications made her comfortable" and that later new medications she was prescribed were effective. *Id.* The ALJ further noted that Plaintiff complained of dizziness and memory problems to Dr. DeLea, AR 91,

PAGE 10 – OPINION AND ORDER

that Dr. DeLea noted that Plaintiff suffered from dizziness and lightheadedness from medication side effects, AR 99, and that Dr. DeLea opined that Plaintiff had limitations with concentration and attention. *Id.* The ALJ then rejected this opinion by Dr. DeLea as improperly relying on the subjective testimony of Plaintiff. *Id.* Thus, even if the ALJ erred in his evaluation of Plaintiff's side effects caused by medication, such error is harmless because the ALJ provided sufficient, unchallenged reasons for discounting Plaintiff's credibility and did not credit Plaintiff's similar subjective complaints. Thus, the additional, unaddressed subjective complaints relating to side effects would similarly be discounted. *Cf. Molina v. Astrue*, 674 F.3d 1104, 1118-19 (9th Cir. 2012) (noting that an error may be harmless "where the testimony is similar to other testimony that the ALJ validly discounted").

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is based on proper legal standards, and the findings are supported by substantial evidence; thus, Plaintiff's request for remand is DENIED. The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge